First case is Heard v. Sessions, 179525. And Ms. Rebuttal, we are ready to hear from you. Good morning, Your Honors, and may it please the Court. My name is William O'Donnell, and alongside me is my co-counsel, Amber Grazia. Together we represent the petitioner, Luceria Heard, on this matter. At this time, with leave of court, I respectfully request seven minutes for co-counsel to deliver Rebuttal. Today's case requires the Court to look at Nevada's theft statute, codified as 205.0832 and 205.0833, and determine whether the statute is divisible or indivisible. To resolve this question, the Court reviews the statute de quorum in Mathis and by this court in Tittles. If the statute is divisible, do you lose? No, Your Honor. Why? Because under subsection B, and we believe during the course of the proceedings, it's been alleged that she was convicted under subsection B because the immigration judge peeked at the records to look at the statutory language. Do you contest that she was convicted under, what is it, 1B? Yes, Your Honor. If you actually look at the judgment of conviction, there is no specification of a subsection in the judgment of conviction. All it says is 205.0832 and 205.0835. But it tracks the language of 1B, right? Yeah, it does track some of the language, but in addition to subsection B, it's an embezzlement statute, meaning it's lacking the element of without consent for a generic theft definition. So even subsection B wouldn't be a categorical match. It's broader than the generic definition of a theft under Gonzales-Dueñas v. Alvarez and also... So even if it is B, even if B is applicable here, and you don't have to concede that, but even if he was convicted under B for purposes of the divisibility analysis, the peek, even if he was, if that is applicable, then it's still broader than the generic theft statute. That's your view, right? Yes, Your Honor. Okay. In order to do the categorical analysis, the Tittles Court eloquently applied the three steps or three tools that Mathis announced. The first step is to look at the statute as a whole and see if the statute is divisible on its face. There's two provisions of the theft statute I would like to point out, the first being 205.0833, subsection 1, where Nevada legislature says the crime of theft is a single offense and it embraces separate offenses commonly known as larceny, embezzlement, issuing a check without insufficient funds, and similar offenses. Subsection 2 of 0833 also informs the reader that an act of theft can be committed in any manner found under the statute 205.0832 inclusive, notwithstanding the specification of a different manner in the complaint and information. Well, how does that answer the question? I mean, the question for divisibility purposes is whether, or at least one of the significant questions, is whether the prosecution has to prove beyond a reasonable doubt the elements of the offense. Well, the fact that, if I'm understanding this correctly, the fact that under, let's say, subsection 2, that you – whatever you charge doesn't have to be what ends up being proved. That doesn't mean that you don't have to prove that beyond a reasonable doubt, whatever ends up being proved. In other words, what the evidence supports. And so why wouldn't that argue for the notion that there are elements as opposed to means? That's a good question, Your Honor. In Nevada, they can return a general jury verdict for theft. Nevada doesn't require jury unanimity in regards to the theories the prosecution has alleged in theft. And that's found in Gordon v. State and Tavish v. State. In addition – In Nevada, you still have to prove the elements of the offense. You just have to prove that the act was committed in any manner denounced underneath the statute. And a great example of this flexibility of the statute of work actually comes from the briefing. In Walsh, the lady was charged with a single act of theft, meaning she only committed one crime. And it was alleged that she violated subsection 1A of Nevada revised statute, which is the general larceny provision. The Supreme Court of Nevada said that even though you allege a specification, the flexibility allowed under this, because it's a consolidated theft, she could have been convicted of embezzlement also, the either or framework. You said she was charged with one offense. And I noted that statement in your brief. But how does that square with page 1189 of Walsh where it says, in this case, Walsh was charged under, and it gives two subsections. So she was charged under two subsections of that statute. And then it goes back to the question of whether you have to prove beyond a reasonable doubt whatever is being charged. And I understand where you're getting that information from. I'm getting it from the 1189 of that case. Justice Springer, in his actual dissent, was actually discussing that she was only charged on the complaint information with 1A. And when does the dissent become the law of the case? It doesn't, Your Honor. But he was actually discussing that, how he believed the majority erred, because she was not found guilty of 1A. She was found guilty of 1B. But that's not what the State initially charged her with. So he was saying that they should be ---- You're still speaking about the dissent. I'm still speaking about the dissent, because I think that gives a very fair ---- But what do you want us to do, then, to, as Judge Holmes says, adopt the ruling of the dissent? No, I do not, Your Honor. I believe the dissent ---- What's the purpose, then, of the argument? The purpose of the reading of the dissent is because the prosecution wasn't bound by pleading and proof. If that was the case, and since they were ---- the complaint information was under 1A, and she wasn't found guilty of 1A necessarily, or the court couldn't make that determination because the jury could have made it under either 1A or 1B, as long as there's sufficient evidence to support a conviction, they're not going to overturn the conviction. Well, yeah, but doesn't ---- if that is true, if what it says is, okay, there's one or two, Subsection 1 or 2, we're not going to overturn the conviction as long as there was sufficient proof as it relates to 1 or 2. Why doesn't that go to the notion that you still have to prove either 1 or 2 beyond a reasonable doubt, and therefore you have to have ---- they are elements as opposed to means. I mean, why isn't Walsh susceptible to that reading as opposed to the one that you're putting forward here? Well, there's two other reasons, Your Honor. Under the complaint information, what needs to be contained is just a mere recital of the facts or allegations, and that's found under Nevada Revised Statute 173.075, and where they say that the complaint information just says the essential facts that constitute the offense. And if the facts are unknown, such as if the facts are unknown of how the act was committed under 1A, the complaint information can say the facts are alleged are unknown. So the second point of that is ---- Your Honor, this is strange pleading. Somebody can be charged with the offense by merely saying facts are unknown, and you're guilty of such and such a section, and that's it? You know, I'm not ---- There's no ---- you don't know the required plead elements, no requirement to prove elements? No, this is very strange. I would agree, Your Honor. Your Honor, it is a little strange, and I cannot state I'm an expert in Nevada, how they may amend the charging documents at a later time, but the Walsh even said that if the ---- the Walsh court even said that the prosecution is unsure as to what evidence will be adduced at trial, the prosecution can charge the act in the alternatives, meaning if they're unsure if it was actually larceny under 1A or embezzlement under 1B, you charge them both. You mentioned the jury only has to return a general verdict. I don't recall in your brief whether this is mentioned, but I would ask is it traditional practice in Nevada then to tell the jury that they have to be unanimous in reaching their verdict as it relates to whatever that provision, subdivision of the theft statute you find? In other words, you could have had a situation where, in fact, you said, all right, jury, if the evidence supports another provision, fine, but you have to be unanimous in finding that the elements of that provision are present. If that were true, then we would be talking about elements as opposed to means. Are you following me? Yes, Your Honor. Okay. And so do you know the answer to that question? The only ---- I don't know the specific answer. The one I would state is the court in Tavish that discussed a general ---- returning a general jury verdict was in regards with a DUI case, and it was alleged that he was committing a DUI, and there's three ways to commit a DUI, one being over a .010 and another one just being intoxicated. And even though there's three separate ways of committing the DUI offense, the Tavish court says the jury didn't have to agree on how he committed it as long as there's evidence to support he either committed it while intoxicated or if the blood alcohol evidence actually said it was over .0.1 or 0. No, that's helpful, but is that same ---- is it clear that that same principle applies as it relates to theft? Yes, Your Honor. And there's an analogous case that I'd like to point out that we discussed in our briefs, and it comes out of the Ninth Circuit. And the Ninth Circuit looked at California's consolidated theft statute and said that the flexibility allowed by the prosecution isn't a hallmark of a divisible statute. And that's the same ---- You may want to watch your time, too. Can I jump in here? Yes, Your Honor. So you started your argument out, though, saying that our decision is de novo. But I'm wondering, doesn't Mathis refer to certainty? Aren't we supposed to have some certainty about this decision? You don't make this argument, but I am picking it up from Mathis, and I'm wondering if you could address it. Thank you, Your Honor. And that's a great question because this court in Tittles actually discusses that if certainty is not met, you cannot find it as a predicate offense, and at that time it was the Armed Career Criminal Act. And that's the same case here. We believe that we present the argument that the plain reading of the statute would lead to a conclusion that it would be an indivisible statute. But if you're unsure about how Nevada worded their statute, you can look at the case law. And the case law, I believe, is split. There's Walsh and the Hancock case, and Walsh is the only one that really says, well, as long as you specifically charge somebody, you know, that's the case. It's, hey, you allege it specifically. But the third step is when you go to the complaint and information or even the jury instructions, if all these things, your answer is still unknown, the offense isn't categorically a theft offense in this case, and it's overbroad. And I hope that answers your question. Thank you. If there's no further questions, I reserve the rest of my time. Your time is reserved. Thank you. May it please the Court. Robert Tennyson for the government. In this case, the Board didn't err in finding that the petitioner's conviction under Nevada's umbrella theft statute was a theft offense under the Immigration and Nationality Act and, therefore, an aggravated felony. The judgment of conviction in the case identifies the statute of conviction as Section 205.0832. That statute, as the Board found, is overbroad. But the Board properly found that that statute was divisible. In turn, once the Board turned to which provision the individual was convicted of, and that was 1B, the embezzlement section, it rightly found that embezzlement, which in modern history has been treated as a theft offense, is a theft offense for purposes of the INA. What do you mean by modern history? I mean, there seems to be quite a bit of debate as to whether a theft offense includes embezzlement because embezzlement does not involve lack of consent. And so modern history, what are you talking about? Well, I think looking at MENA, for example, out of the Fourth Circuit, one of the things that you see if you look at cases, for example, from the Supreme Court involving stealing of cars or a notion of theft, or even when the Seventh Circuit originally first described what went into a theft offense and the Board described what went into a theft offense in VCS, they look to the Model Penal Code, Black's Law Dictionary, all of those. And under those, I mean, right next to larceny, they include embezzlement. These are all theft offenses. They include also, for example, false pretenses. And because the way in which theft offense is read, broadly, generally, because it was instead of referring simply to theft, the statute referred to a theft offense, was meant to encapsulate the entire, I guess what, broad scheme of offenses that fall under theft. The reason why embezzlement fell out. But theft itself, generically, I mean, I think as the Supreme Court has defined it, I think doesn't involve consent, without consent. The Dunis-Alvarez case says that. And in fact, there appears to be a split of authority on the whole question of consent. So, I mean, what you're making seems so easy. I don't think it's that easy. So, help me out. Okay. There's a little bit of a history to this, right? You've got the Board originally in VCS saying that, you know, and then the various circuits going through and performing sort of a similar analysis and coming to the result after looking at the Model Penal Code, Black's Law Dictionary, and the statutes in various states, how they combine theft into one big mass. And that included, historically, larceny. I mean, in recent history, larceny, embezzlement, things like false pretenses. And then came to this sort of generalized definition of a theft being what? Taking or exercising control of property without consent, with the criminal intent to deprive the owner of the property, right? Well, what happens subsequently is the Fourth Circuit in a case called Solomon says, Well, look, there's this other provision, 1101M1, which is a fraud offense. Offenses involving fraud and deceit. And, really, what's happening here is that Congress meant to have these two buckets. And so the false pretenses offenses, right? The ones where one has a material misrepresentation, such as the provision in 1C here. Those are all offenses that actually get moved over into the fraud or deceit bucket. They move out of the theft defense bucket, even though we originally thought of them as theft. When that gets moved out, that's where you have that little, what? That little phrase, without consent. That without consent phrase is meant to capture those fraud offenses. You could put, like, a little asterisk up there, or a parenthetical. And that's what Solomon does. And then, subsequently, I believe it's Garcia-Mardruga. The board says, Yes, that's right. That those theft offenses move out. There's going to be a little sliver in here where you have an overlap. It's not, you know, one or the other. You're going to have it have to be, you know, you're going to have some overlap. Because what Congress intended to do here was not have a, what? A gap, you know, theft here. And then, oh, you know, embezzlement, which, for whatever reason, does not have consent. And then we have a gap over here, and we have to go over to fraud and deceit. They meant to capture the whole thing. So what happens is that these offenses that fall under the fraud and deceit rubric get moved out through that without consent. If I understood you correctly, what the Fourth Circuit is saying and what the board has said, why is that binding on us? Well, the determination of what a theft offense is, right, and what fraud and deceit is given to the board under Chevron to construe in the first instance. And so the board did construe it in the first instance, and generally the courts have treated that as an issue to which the board gets deference. And the board decision you're referring to, I take it, was of a full panel of the board as opposed to a one-member board decision. Right, Your Honor. If it's a published decision, the board goes through a process, and so it's a full panel decision. Correct. So, going back to the question of whether or not the statute itself is divisible. Under Mathis, as Petitioner's Counsel indicated, you look at three things, right? You look at the statutory structure. We look at the case law. And if things are kind of, we still can't figure it out, we take a peek at either the jury instructions, which we don't have here because she flat gets it, or you look at the charging documents and see what the prosecutor felt like the prosecutor was required to charge. If you look at the structure of the statute, it's pretty clear that this is an umbrella offense covering a number of subset offenses, right, particular offenses with individual elements. If you look at the statute, it's not a series of illustrative examples. It's not an instance where you have, you know, what? Say, for example, you can break into a structure, and instead the statute lists various kinds of structures such as houses, buildings, cars, you know, various vehicles. What you have is provisions that have various subparts and criteria in the same way you would think of them as elements. To give an example, you can look at 1A and compare that to 1J, right? 1A is your typical larceny offense where you have to have the intent to deprive. 1J is this carrying away of gasoline or automotive parts that are traditionally for sale, but there doesn't have, but there's no specific intent to deprive in that provision. Whether or not you've got gasoline or water is, you know, determines whether you have to show that there was an intent to deprive. That means, I mean, if you've got this sort of crisscross, these sorts of elements that are conditional on one another, that's an indication that what you've got is elements here. What about 08, and I'm going to just use the last part of the statute, 0833. I mean, 0833 seems to suggest to me that you're in a situation where all you have to do is that we're concerned with theft. We're not concerned with what kind of theft, and just as long as you're charged with theft and as long as it falls within the scope of 0832, you're fine. Why doesn't that make sense? I mean, it seems to me it's a guidepost of construction. It's a plausible construction. It's not the only possible construction. Does it have to be? Well, it gives you a reason to look at what state law says, right? I mean, the principle statute itself, 083.2, seems very clearly to be elements. This section over here, 033, Part 1, indicates that this is a single offense composed of other offenses, subpart offenses. What that provision could very well mean is if you charge someone with an offense under this statute, you can't go through and, say, charge them in Count 1 with larceny, in Count 2 with embezzlement, in Count 3 with false pretenses, and using the same facts and have someone be convicted multiple times for that same sort of nucleus of offense. That's what that provision seems to be working at, as opposed to, oh, this is just one big — we're just sort of advising you this is one big offense. Looking at the state cases themselves, I mean, cases such as Hancock very clearly indicate that you have to show — I mean, they state that you have to establish the various — what? You have to allege a particular subpart and prove each element beyond a reasonable doubt. It's in the language of the cases themselves. And then finally, even if you think this is all kind of, you know, mushy, it's not — it doesn't resolve the issue. We can look at the information, the complaint in this case, and the language of that information and complaint clearly tracks the language of subsection 1B. That is the embezzlement provision. Well, your opposing counsel suggests it does not fully track that language, and so why should that give us any indication that 1B actually is at play there? The only thing that seems to be missing from the 1B language that is in the charge is the of services language. So that this is an embezzlement of services, it's embezzlement of property. And is theft of — is the appropriation of services, does that qualify as generic theft? Yes, Your Honor, it does. Again, if you look — again, as, you know, numerous cases, you know, from, I guess what, Taylor to Esquivel-Quintano, have said that what we look at is sort of the contemporary construction of the statute to determine whether or not — what falls into it and what falls into the meaning of something like a theft offense, right? In this instance, theft of services has, in most jurisdictions, been lumped in into their general theft statutes. Moreover, if you went and looked at the model penal code, you would see that theft of services, if you look under — if you go under their subcategory for theft, theft of services is there. So even — so in your view, I take it even if 1B is divisible, you still win? So if 1B is not divisible, we're fine. And if — I mean, and even if you divided 1B, right, to go and see whether or not — if that statute's divisible between, say, theft of property and theft of services at the back end, well, again, we don't have anything from State law. And I don't think the statute necessarily answers it for us. But the charging of this document, if we peek at it, again, leaves off of services. So that should solve it for us. But if it's not divisible, you're contention is you would win still. Because the two sort of contentious issues would be, does it cover services and do you have to have consent? And in your view, the modern view would cover services and not require consent. The modern view is that theft — Lumps in everything. Right, right. Includes services and consent. I believe if there's no further questions from the court, the questions that Judge Holmes asked seems to have exhausted everything that I have. Well, you can walk away from NOLA's holder if you care to do so. I mean, what do we get out of that case except for a concession? I mean, there's the concession on the divisibility side. And what else do we get? That's it, right? And NOLA's — You're relying on it. I mean, the court very clearly says that it finds it to be a theft offense. Once you get passed, once you get to 1B, under the modern conception of theft. So, yes. There are no further questions. Thank you. Thank you for yielding the rest of your time. I would first like to draw the court's attention to the pattern jury instructions that were submitted in the record. The Nevada pattern criminal jury instructions present the entirety of Nevada revised statutes 205-0832. It does not distinguish between the subsections. And it does not seem to require that a jury be unanimous as to which subsection from the basis of the conviction. Additionally, I think that it's helpful to draw an instance from the Ninth Circuit in their analysis of a similar California omnibus theft provision. Many states have adopted this sort of omnibus theft provision to allow for prosecutorial flexibility. And if you look at these other states, including California, as the Ninth Circuit did, jury unanimity is typically not required. And the reason is to provide for that flexibility for a prosecutor to be able to convict someone. And they can't come back and say later, no, I didn't commit embezzlement, I committed larceny, such as the case in Bettine. Bettine is illustrative in that the court notes that had the government prosecuted Bettine under Nevada revised code 205-0832, a conviction would have been upheld on appeal. But instead, in Bettine, the defendant was charged with embezzlement, but showed later that he, in fact, committed larceny because he did not, in fact, have consent or the authorization to control the property that was the slot machines. In that case, was he charged under 0832, or was he charged under the separate theft? There are separate, Nevada's still kept these separate theft offenses. That's correct, Your Honor. So which one was he charged under? He was charged under the older but still intact embezzlement provision, which is, I believe, to a 5.300. Well, why is that helpful then? I mean, why does that illuminate this issue? Because that would mean that that's a separate freestanding statute. The question becomes, what was he charged under? I mean, what does that help us on this one? That helps us understand the purpose behind these omnibus theft provisions. And the purpose is to allow for that flexibility. And that's the flexibility that the Ninth Circuit has reason does not favor divisibility. If the statute is not divisible, and the government contends that services are covered under generic theft, lack of consent is not required, do you still win? I see that my time is up. May I finish? May I address your question? Okay. The government contends that theft of services would be included in the, covered under the generic theft definition, but there is no board definition or expansion of the board definition to support that argument. Now, there may be a circuit split with the First Circuit expanding that definition, which began, I believe, in the Ilchuk decision. The Second Circuit has seemed to have gone back and forth and recently remanded a case to the BIA to determine in the first instance whether they have expanded their definition of theft to include theft of services. But we have two elements that are missing here, an embezzlement. Even if this court were to determine... Yes. Counselor, excused. The case is submitted.